CASCADE HOTEL CO. v. ORLEANS REAL ESTATE CO.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

1. JUDGMENT (§ 109*)—DEFAULT.

Plaintiff's counsel answered "Ready" on the day for trial, and defendant's counsel presented an insufficient affidavit for adjournment, which was denied, and the court directed a jury to be impaneled, when defendant's counsel stated that he "refused to go on with the case," and left the courtroom, but returned and stated that he had an undefended divorce case at Special Term, whereupon, on request of the trial judge, the Special Term justice agreed to hold the divorce case until trial of the present action, when the judge directed the defendant's counsel to examine the jury, whereupon he stated that he would take no part in such examination and left the courtroom. *Held*, that defendant had suffered a deliberate default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 179; Dec. Dig. § 109.*]

2. JUDGMENT (§ 163*)—DEFAULT—VACATING.

Where the moving papers show no satisfactory reason why defendant should be relieved from a default judgment, it is an abuse of discretion to set it aside.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 323; Dec. Dig. § 163.*]

Appeal from Special Term, New York County.

Action by the Cascade Hotel Company against the Orleans Real Estate Company. From an order vacating a default judgment for plaintiff, it appeals. Reversed, motion to vacate denied, and judgment reinstated.

See, also, 135 N. Y. Supp. 1103.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MIL-LER, and DOWLING, JJ.

Otis & Otis, of New York City (A. Walker Otis, of New York City, of counsel), for appellant.

Bennett E. Siegelstein, of New York City (Albert I. Sire, of New York City, of counsel), for respondent.

PER CURIAM. The action is for conversion. This case appeared upon the Trial Term calendar for trial for Monday, June 17th. The calendar was published in the Law Journal on Saturday, June 15th, on which day counsel for the defendant called up the plaintiff's counsel by telephone and said, "I suppose you will be ready for trial on Monday," to which plaintiff's counsel replied, "Yes, I will be ready." Upon Monday, upon the call, counsel for both sides appearing, the case was marked "ready." At the opening of court, after recess, the calendar was again called, and the case again marked "ready." On June 18th the case was the sixth on the day calendar and was marked "ready." On June 19th it appeared as the third case on the day calendar. Counsel for plaintiff answered, "Ready," and counsel for defendant presented an affidavit of the president of the defendant company, which the judge presiding declared to be insufficient to obtain an adjournment, in which he was clearly right, and directed a jury to be impaneled. Counsel for the defendant then said, "I refuse to go on with the case," and left the courtroom. Thereafter, and before the case was opened, he returned with the attorney of record, who stated that he had an undefended divorce case at the Special Term, Part III, for trial. The justice presiding at the Trial Term sent to the justice presiding at the Special Term, who agreed to hold the undefended divorce case until the termination of the trial of this action. The trial justice then directed defendant's counsel to examine the jury, whereupon defendant's attorney stated, "Your honor will note the defendant declines and will not take part in the examination of the jury," and thereupon left the courtroom with counsel.

[1, 2] It is apparent that the defendant suffered a deliberate default, and the moving papers disclose no satisfactory reason why it should be relieved of said default. The setting aside of the judgment and reinstating the case for trial was, therefore, an abuse of discretion.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate denied, with $10 costs, and the judgment reinstated.