UTICA GAS AND ELECTRIC COMPANY, Appellant, *v.* JOHN SHERMAN
and Others, Respondents.

Fourth Department, March 18, 1925.

**Judgments — condemnation proceedings — opening judgment by default
— defendant delayed time for answering about one year by dilatory
motions — notice of expiration of time to answer and notice of taking
judgment by default were given — it was error to open default under
Civil Practice Act, § 108, on ground that defendants' attorney was
absent on vacation when time to answer expired.**

In condemnation proceedings in which the defendants, by dilatory motions, delayed
the time for answering for nearly a year, the trial court should not have opened
a default judgment under section 108 of the Civil Practice Act, since it appears
that the defendants were served with the order overruling their objections to
the amended petition about two weeks before the time to answer expired and
no request was made for an extension of time; that no answer was served, and
judgment by default was taken on notice; and that the motion to open the
default was not made for nearly one month after the judgment was taken and
was based on the sole ground that the attorney for defendants was for some
time prior to the last day to answer and until judgment by default was taken
absent from his office on a much needed vacation.

APPEAL by the plaintiff, Utica Gas and Electric Company, from
an order of the Supreme Court, made at the Oneida Special Term
and entered in the office of the clerk of the county of Herkimer
on the 26th day of December, 1924, opening the defendants' default
in answering plaintiff's amended petition in condemnation
proceedings.

*Bronner & Ward* [*Myron G. Bronner* of counsel], for the appellant.

*Russell S. Johnson,* for the respondents.

PER CURIAM:

This proceeding is under the Condemnation Law. Nearly a
year was consumed in dilatory motions and in one appeal to this
court, before defendants were finally brought to the unavoidable
necessity of answering the amended petition. For the most part
defendants were successful in those matters only in the sense of
the delay secured thereby. Defendants' time to answer expired
September 2, 1924. They had notice of that fact by the service
of an order by mail on August 20, 1924, received August 22, 1924,
overruling their objections to the amended petition. No request
was made either for a stipulation or for an order extending the
time. No answer was served. Judgment by default was taken on
November 8, 1924, on notice. On December 6, 1924, defendants

moved to open the default. The motion was granted. The appeal is from that order.

The court has discretionary power to grant such an order, but only in cases where there has been mistake, inadvertence, surprise or excusable neglect. (Civ. Prac. Act, § 108; *Prager* v. *Beardsley*, 133 App. Div. 592, 595.) There was neither mistake, inadvertence nor surprise here. The only excuse offered in the moving affidavit of defendants' attorney for his neglect is that since August 22, 1924, " deponent has been almost continuously absent from his office taking a necessary vacation, and unable to give this matter the necessary consideration, having put all cases for the October and November Trial Terms of the Supreme Court over the term. * * * That the failure to answer in time was entirely the fault of deponent, due to the necessity of deponent taking some rest as aforesaid."

We realize that on a motion of this character a judge at Special Term is sometimes influenced in his decision by his personal knowledge of the parties and by facts and circumstances not appearing in the motion papers. We must suppose that the learned and experienced judge at Special Term here was so influenced, for clearly the formal excuse quoted above was worth nothing. Even in a case free from a history of dilatory tactics and showing a meritorious defense we should uphold the exercise of discretion under such circumstances with hesitation. But where, as here, there has been inexcusable delay and the defenses now offered have for the most part on previous motions been held of no avail, we feel constrained to hold that the discretion below was not well exercised. However flexible our procedure may have become, some regard must be had by bench and bar alike for the express provisions of the Civil Practice Act and of the Rules of Civil Practice.

The order should be reversed, with ten dollars costs and disbursements, and the judgment reinstated.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs