COLONIAL FUEL CORPORATION, Respondent, *v.* ROBERT KAHN, Appellant.

First Department, July 6, 1925.

**Judgments — motion to open default — plaintiff failed to prosecute and defendant brought action on — plaintiff did not appear at trial — after extension of time to comply with judgment plaintiff moved to open default — motion should have been denied.**

A motion by the plaintiff to open an alleged default judgment should have been denied, since it appears that the action was not prosecuted by the plaintiff and was brought on for trial by the defendant; that the plaintiff did not appear at the trial and defendant took judgment against the plaintiff, dismissing the complaint and granting defendant judgment on his counterclaim; and that after two extensions of time had been given the plaintiff by the defendant to enable plaintiff to comply with the judgment, the plaintiff moved to open the alleged default.

There was no default in this case on the part of the plaintiff but a deliberate abandonment by it of its complaint and its defense to the defendant's counterclaim.

APPEAL by the defendant, Robert Kahn, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of May, 1925, granting plaintiff's motion to open what the plaintiff terms its default at Trial Term where judgment was entered in the action in favor of the defendant, dismissing the complaint and awarding defendant judgment upon his counterclaim.

*Jacob Kirschenbaum* [*Herman Kahn* of counsel], for the appellant.

*Manton Marks*, for the respondent.

MERRELL, J.:

The action was begun in October, 1922, to obtain the cancellation of certain stock issued by the plaintiff to the defendant, and also an agreement of employment alleged by the plaintiff to have been obtained by fraud.

Defendant in his answer denied the charges of fraud, and by way of counterclaim alleged that he was a stockholder, a director, and the secretary of the plaintiff corporation; that he had been physically ousted; that the court should decree him to be such official of the plaintiff corporation, and that the plaintiff should be compelled to account for all transactions since the defendant's ouster.

In March, 1925, plaintiff's complaint was dismissed for insufficiency. Plaintiff, however, was granted leave to serve an amended complaint. This was done, but after service of the complaint the plaintiff failed to prosecute its action. The action was then brought on by the defendant and was several times adjourned on the day calendar at plaintiff's request. On March 16, 1925, the case again was on the day calendar for trial, and upon failure of the plaintiff to appear, its complaint was dismissed and judgment rendered for the defendant upon his counterclaim. Certified copies of the judgment were served upon the plaintiff's other directors and upon plaintiff's attorney. Thereupon two requests were made by plaintiff's attorney for extension of time to comply with the directions contained in the judgment rendered in defendant's favor upon his counterclaim. To both of these requests made on the part of the attorney for the plaintiff the defendant acceded. The judgment rendered in defendant's favor upon his counterclaim directed the plaintiff to file within ten days a report and account of its proceedings since defendant's physical expulsion from the corporation. The certified copy of the judgment was served upon

the plaintiff's other directors on April 23, 1925, and a copy thereof served upon plaintiff's attorney on April 24, 1925. The plaintiff took the full time of ten days before manifesting any interest in the matter so far as the defendant was concerned. On May 2, 1925, plaintiff's attorney requested the defendant's attorney for an extension of time to comply with the judgment, claiming that he was then compiling the information in the preparation of the report required by the judgment, and thereupon the attorney for the defendant granted an extension of one week in which to comply with the terms of the judgment. At the end of such week the plaintiff's attorney again requested a further extension, again representing that such report was in process of preparation, and a second extension was granted until May 14, 1925. No report was filed, but instead on the last day to which its time had been thus extended, the plaintiff served motion papers to be relieved from what the plaintiff claimed was its default. Plaintiff's motion was first denied with leave to renew, and upon a renewal thereof the motion was granted by the order appealed from. No opinion was written by the learned justice presiding at Special Term at which the order appealed from was granted. Plaintiff's alleged default, by the order appealed from, was opened and the judgment entered in defendant's favor on April 22, 1925, dismissing the complaint and granting the defendant's motion upon his counterclaim was vacated without costs and the case set down for trial on June 8, 1925. We are of the opinion that the order appealed from was improperly granted under the circumstances. It would seem from the affidavits that there was in fact no default made by the plaintiff at Trial Term when judgment was rendered in defendant's favor, but that the plaintiff deliberately refrained from attending and abandoned its complaint and defense to the defendant's counterclaim. It very clearly appears from the undisputed affidavits that the plaintiff acquiesced in the judgment entered at Trial Term in defendant's favor and thereafter applied for and received from the attorney for the defendant two extensions of time in which to comply with the requirements thereof. Plaintiff's moving papers upon the application to open its alleged default do not materially controvert the facts as hereinbefore stated but confirm the same. No sufficient excuse is offered by or in behalf of the plaintiff for its failure to appear at the time the judgment in the case was rendered.

Where a party suffers an intentional default and abandons its cause, and judgment results therefrom, there is, in fact, no default, and the judgment may not be vacated. (*Cascade Hotel Co.* v. *Orleans Real Estate Co.,* 153 App. Div. 882; *Titus* v. *Halsted,*

209 id. 66; *Rosenfeld* v. *Central Vermont Railway Co.*, 116 id. 851.) The plaintiff herein clearly abandoned its cause of action and submitted to the judgment which was entered in defendant's favor. In the order appealed from no terms were imposed upon plaintiff and no provision whatever made to reimburse the defendant for the trouble and expense to which the defendant has been put by plaintiff's dilatory tactics.

The order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, McAVOY and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.