PAUL W. ENO, Plaintiff, *v.* HOWARD H. TRACY, Defendant.

Supreme Court, Steuben County, August 9, 1927.

**Judgments — default — defendant's attorney failed to appear at trial — motion to open default denied.**

The motion by the defendant to open a default judgment is denied since it appears that on the morning the term of court opened at which the case was tried, the attorneys for the defendant were informed that the case would be moved for trial and that while they thereafter endeavored to have the trial of the case delayed on the ground of the absence of one of the attorneys, the attorneys were informed of the fact that the case would be moved for trial prior to the time when arrangements were made which led to the absence of the attorney from the State. The inference is that the defendant's attorney intentionally suffered a default upon the assumption that the judgment could be opened. There is no proof of any mistake, inadvertence or surprise and it is held that the facts shown manifest negligence on the part of defendant's attorneys.

MOTION by defendant to open default.

*McDowell & McDowell*, for the motion.

*Cole & Knapp*, opposed.

THOMPSON, J. The trial of this case at the April term resulted in a disagreement of the jury. It was then placed upon the June calendar, and about a week before the opening of the term defendant's attorneys wrote plaintiff's attorneys asking that the case be

held until *after the second week* because of the contemplated absence
from the State of one of the defendant's attorneys.    On the morning
the term opened (June sixth) defendant's attorneys received a note
from plaintiff's attorneys to the effect that no courtesies whatever
would be extended and that the case would proceed to trial.    Where-
upon defendant's attorneys the same day (Monday) telephoned to
Mr. C. V. Stowell, an attorney, requesting him to try and have the
case held until the attorney should return from Detroit, and asking
him to inform the attorney if such arrangements could not be made.
Nothing more was done or learned by defendant's attorneys until
Friday, June tenth, when they received a card from the clerk of the
court stating that the case was on the day calendar.    They then
again communicated with Mr. Stowell who informed them that the
plaintiff's attorneys had promised on the previous Monday to get
in touch with defendant's attorneys at once.    (Plaintiff's attorneys
deny having made such an agreement with Mr. Stowell.)    With
this, they concluded, as the attorney states in his affidavit: " That
it was then (June 10) too late for deponent to make a motion to
hold the case until his return before leaving for Detroit on the
12th; that during deponent's absence and without further notice to
deponent, plaintiff's attorneys proceeded to take judgment."    The
case remained on the day calendar from then (Friday, June tenth)
until Thursday, June sixteenth.

In the meantime, on June twelfth, defendant's attorney left the
State for a week's absence on a business trip; on Monday, June
thirteenth, Mr. Stowell, representing defendant, unsuccessfully
applied for an adjournment of the trial, solely on the ground of the
attorney's absence from the State, and on the following Wednesday
he asked a further continuance on the same ground, which was also
refused.    So we have a case on the day calendar for a week without
any effort being made to prepare it for trial; without legal excuse
for its postponement, and with the other side present in court ready
for trial and resisting all efforts to put the case over the term.
It may also be observed that as early as a week before the opening
of the term the attorney had arranged to be absent from the State
on the second week of the term, and that on the first day of the
term, which was nearly two weeks before the default was taken,
he knew that his adversary would not consent to a postponement.

It is apparent from a review of these facts that defendant had
had his day in court (2 Words & Phrases, 1838), and the inference is
inescapable that his attorney intentionally suffered this default
upon the assumption that he would be successful in opening it
thereafter.    In the circumstances such relief must be withheld.
(*Colonial Fuel Corp.* v. *Kahn*, 214 App. Div. 83, 85; *Cascade*

*Hotel Co.* v. *Orleans Real Estate Co.,* 153 id. 882; *Warth* v. *Moore Blind Stitcher & Overseamer Co.,* 125 id. 211.)

The record evulgates neither mistake, inadvertence or surprise, and it must be held that the facts stated manifest negligence without excuse. (*Utica Gas & Electric Co.* v. *Sherman,* 212 App. Div. 472; *Thorburn* v. *Gates,* 177 id. 474, 476; *United Textile Print Works* v. *Black Knitting Mills, Inc.,* 123 Misc. 299; *Browning* v. *Billingsley,* 185 N. Y. Supp. 1, 2.)

The motion is denied, with ten dollars costs. So ordered.